ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Islands Mechanical Contractor, Inc. | ) ASBCA No. 59655 |
| | ) |
| Under Contract No. N69272-06-C-0012 | ) |

APPEARANCE FOR THE APPELLANT:    James E. Krause, Esq.
                                 Jacksonville, FL

APPEARANCES FOR THE GOVERNMENT:  Ronald J. Borro, Esq.
                                 Navy Chief Trial Attorney
                                 Matthew S. Hawkins, Esq.
                                 Senior Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE SWEET

This is an appeal of a contracting officer's deemed denial of a claim by Islands Mechanical Contractor, Inc. (IMC). The government has moved to dismiss. We grant the motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION[1]

1. In 2006, the Department of the Navy awarded IMC Contract No. N69272-06-C-0012 (contract 0012), a firm-fixed-price contract to provide wastewater treatment system repairs at Naval Station Guantanamo Bay, Cuba (2nd amended compl. ¶¶ 1, 18, 34).

2. IMC began performance in 2006 (2nd amended compl. ¶ 34).

3. IMC alleges that it encountered differing and unforeseen site conditions (2nd amended compl. ¶¶ 19, 35). In particular, IMC alleges that the Naval Facilities Engineering Command (NAVFAC) provided defective plans and specifications, which did not contain correct information on existing electrical supply systems, water lines, and sewer lines (id. ¶ 28).

4. IMC alleges that it submitted requests for information (RFIs) to NAVFAC seeking guidance regarding how to proceed. IMC alleges that NAVFAC did not respond to all of the RFIs (2nd amended compl. ¶¶ 19, 35, 40). Nor has NAVFAC issued a suspension or stop work order (id. ¶¶ 22, 40). Therefore, on 3 April 2009,

---

[1] For purposes of this motion only, we accept the allegations in the second amended complaint as true.

IMC placed all of its equipment on stand-by status. IMC alleges that contract 0012 remains in stand-by status. (*Id.* ¶¶ 38, 43)

5. IMC alleges that the failure to respond to the RFIs caused delay and damages (2nd amended compl. ¶¶ 25, 29, 41). In particular, IMC alleges that the uncertainty of not knowing when NAVFAC was going to respond to the RFIs forced IMC to maintain equipment on stand-by status (*id.* ¶ 30). IMC also alleges that, as a result of the delay, the warranties or guaranties on the installed equipment have expired (*id.* ¶ 45). Further, IMC alleges that some of the installed equipment will need to be replaced, and additional work beyond the scope of work will be required to complete the project (*id.* ¶¶ 45, 51).

6. IMC alleges that NAVFAC provided IMC with a draft modification on 21 September 2009. IMC alleges that the draft modification would have resolved the outstanding RFIs. However, IMC refused to sign the draft modification because it contained language waiving IMC's right to seek additional compensation for the damages it incurred. (2nd amended compl. ¶ 44)

7. In response to the draft modification, IMC submitted a proposal to complete contract 0012 for $373,121.72. NAVFAC has not accepted that proposal. (2nd amended compl. ¶ 154)

8. On 11 July 2014, IMC submitted a request for equitable adjustment (REA) (R4, tab 18).

9. On 29 July 2014, IMC resubmitted the REA as a certified claim. In the claim, IMC sought $2,151,801.86 in direct labor and equipment costs, $2,308,966.96 in indirect overhead costs, and "$373,121.78 pursuant to its proposal...for the completion of the Contract and to NAVFAC's Draft Modification dated July 31, 2013, once it receives direction from NAVFAC on the outstanding RFI[s]." (R4, tab 19 at G-662-63)

10. After a deemed denial, IMC filed an appeal and complaint with the Board (compl.).

11. We stayed proceedings, and IMC certified a revised claim with the contracting officer on 30 June 2015. The revised claim sought $1,736,599.39 in direct labor and equipment costs, $1,182,427.45 in indirect overhead costs, and "$373,121.78 pursuant to its proposal...for the completion of the Contract and to NAVFAC's Draft Modification dated July 31, 2013, once it receives direction from NAVFAC on the outstanding RFI[s]." (R4, tab 25 at G-716-18)

12. On 17 May 2016, IMC filed an amended complaint with the Board, and certified a second revised claim to the contracting officer. The second revised claim–which is the operative claim–sought $1,494,996.09 in stand-by equipment costs,

2

$479,382.79 in home office overhead costs, and "$373,121.78 pursuant to its proposal...for the completion of the Contract and to NAVFAC's Draft Modification dated July 31, 2013, once IMC receives direction from NAVFAC on the outstanding RFI[s]." The second revised claim also sought "an extension of time." The second revised claim did not request that NAVFAC accept equipment without warranties or guaranties or pay replacement costs; provide direction to IMC; or modify the contract for IMC to perform additional work. (R4, tab 28 at G-767-68)

13. On 25 July 2016, IMC filed a second amended complaint–which is the operative complaint. The second amended complaint seeks $1,494,996.09 in stand-by equipment costs, $479,382.79 in home office overhead costs, and $373,121.78 "pursuant to its proposal for the completion of the Contract." (2nd amended compl. ¶¶ 26, 62, 153-54) (citation omitted). In the "Relief Requested" section, the second amended complaint requests that we:

> A. Determine that the NAVFAC Contracting Officer's refusal to notify the Contractor of the date by which the decision will be made is a deemed denial;

> B. Determine that IMC's claim is valid pursuant to the Contract Disputes Act;

> C. Find that NAVFAC is responsible for damages incurred by IMC for the factual and legal reasons outlined above;

> D. Direct NAVFAC to make payment to IMC of the total of the sum certain amounts under the CLAIMS Section above, including standby or idle equipment, and office overhead in the amount of $1,974,378.88 during the period from April 3, 2009 through December 31, 2013;

> E. Direct NAVFAC to accept equipment that has remained exposed to the elements, installed by IMC pursuant to the plans but left unfinished due to the non-actions of NAVFAC, without warranties or guaranties, or to pay any costs to replace such equipment and the labor cost to remove the nonfunctioning equipment and install new equipment;

> F. Direct NAVFAC to provide direction to IMC to allow completion of the Contract;

3

G. Direct NAVFAC to modify the Contract for
IMC to perform the additional work outlined in the
proposal from IMC dated February 15, 2013 in the amount
of $373,121.78;

H. Direct NAVFAC to add to the Contract as many
days as necessary to bring the Contract current plus the
days needed to complete the original scope of work plus
the days necessary to complete the additional work
outlined in the Proposal from IMC in the amount of
$373,121.78[.]

(*Id.* at 34-35) (Citation omitted)

14. The government has moved to dismiss, arguing that we do not possess jurisdiction because IMC seeks specific performance and injunctive relief, and failed to certify a claim seeking a sum certain as a matter of right.

## DECISION

We do not possess jurisdiction over the appeal because IMC failed to certify a claim for a sum certain as a matter of right.[2] Under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, we only possess jurisdiction over an appeal if a contractor submits a cognizable claim to the contracting officer. *Reflectone, Inc. v. Dalton,* 60 F.3d

---

[2] In particular, we do not possess jurisdiction over IMC's claims for an order directing NAVFAC to: (1) accept equipment without warranties or guaranties or pay replacement costs; (2) provide direction to IMC; (3) modify the contract for IMC to perform additional work; or (4) add as many days as necessary to complete the contract. "Under the CDA, for the Board to possess jurisdiction to entertain a claim, the claim must first have been presented to the contracting officer." *CDM Constructors, Inc.,* ASBCA No. 59524, 15-1 BCA ¶ 36,097 at 176,238. Here, the second revised claim did not assert claims that NAVFAC should: (1) accept equipment without warranties or guaranties or pay replacement costs; (2) provide direction to IMC; or (3) modify the contract for IMC to perform additional work (SOF ¶ 12). Thus, we do not possess jurisdiction over those claims in particular.

While the second revised claim requested an extension of time (SOF ¶ 12), the government's arguments regarding our lack of jurisdiction to order a contracting officer to modify a contract to extend a period of performance are well-taken. *Statistica, Inc.,* ASBCA No. 44116, 92-3 BCA ¶ 25,095 at 125,126; *Pemco Aeroplex, Inc.,* ASBCA No. 47402, 95-2 BCA ¶ 27,853 at 138,889.

1572, 1575 (Fed. Cir. 1995) (en banc); *Eaton Contract Services, Inc.*, ASBCA No. 52888 *et al.*, 02-2 BCA ¶ 32,023 at 158,266. A cognizable claim is a written demand seeking a sum certain as a matter of right. *Reflectone*, 60 F.3d at 1576. A proposal for work to be performed does not assert anything as a matter of right, and thus does not satisfy the sum certain as a matter of right requirement. *Id.* at 1577 n.7; *Essex Electro Engineers, Inc. v. United States*, 960 F.2d 1576, 1581-82 (Fed. Cir. 1992).

Here, the second revised claim–like the original and the revised claims–contains a proposal for work to be performed. It asserts that "IMC requests an additional $373,121.78 pursuant to its proposal...for completion of the Contract" (SOF ¶¶ 9, 11, 12). Therefore, the second revised claim does not satisfy the sum certain as a matter of right requirement, and we do not possess jurisdiction over an appeal based upon that claim.

IMC argues that its second revised claim sought a sum certain as a matter of right because it sought $1,974,378.88 in equipment stand-by and home office overhead costs. However:

> The failure to meet jurisdictional requirements remains even if, as here, the "claims" contain one component...which were stated in a sum certain but the overall "claim" is not. We will not entertain that portion of a claim stated in a fixed amount and discard the remainder, as an "entire claim is in a sum certain, or it is not."

*Eaton*, 02-2 BCA ¶ 32,023 at 158,267 (citation omitted). While the equipment stand-by and home office overhead components of the second revised claim were stated in a sum certain as a matter of right, the overall claim was not because the second revised claim also sought $373,121.78 in proposed costs (SOF ¶¶ 9, 11, 12). Therefore, we will not entertain the portion of the claim stated in a sum certain–namely the equipment stand-by and home office overhead costs–and discard the remainder–namely the proposed costs.

IMC also argues that the proposed costs, which purportedly were not part of its claim, were inadvertently included in the second amended complaint, and requests that it be permitted to amend the second amended complaint to remove those costs. As an initial matter, in order to file an amendment to its second amended complaint, IMC must file a motion for leave to do so, which attaches its proposed amended complaint. *MicroTechnologies, LLC*, ASBCA Nos. 59911, 59912, 15-1 BCA ¶ 36,125 at 176,348 n.2. More fundamentally, IMC is incorrect in its assertion that it did not include the proposed costs in its claim (SOF ¶¶ 9, 11, 12). Because the defect is a jurisdictional defect with the certified claim–and not merely a pleading deficiency–amending the second amended complaint would not cure the defect.

5

## CONCLUSION

Because: (1) appellant's second revised claim did not contain a sum certain; (2) claims may not be asserted for the first time in the complaint but must be in the claim presented to the contracting officer; and (3) claims may not request injunctive relief from the Board, the appeal is dismissed without prejudice for lack of jurisdiction.

Dated: 13 April 2017

JAMES R. SWEET
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59655, Appeal of Islands Mechanical Contractor, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals